**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| BAO QING YAO, | No.    15-71328 |
| Petitioner, | Agency No. A200-575-281 |
| v. | |
| JEFF B. SESSIONS, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 14, 2017**

Before:    GOODWIN, FARRIS, and FERNANDEZ, Circuit Judges.

Bao Qing Yao, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' ("BIA") order denying his motion to reconsider

and reopen removal proceedings.  Our jurisdiction is governed by 8 U.S.C. § 1252.

We review for abuse of discretion the denial of a motion to reopen or reconsider.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying the motion to reopen for failure to demonstrate ineffective assistance of counsel, where Yao was personally informed of the biometrics requirement to obtain relief, and where the BIA addressed the immigration judge's ("IJ") determination that Yao had abandoned his applications for relief, even though Yao's former counsel did not raise the issue in his brief to the BIA. *See Mohammed*, 400 F.3d at 793 (to demonstrate ineffective assistance of counsel, alien must show counsel failed to perform with sufficient competence and that alien was prejudiced by counsel's performance).

We lack jurisdiction to consider Yao's unexhausted contentions regarding a continuance or a lack of warning about abandonment from the IJ. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (court lacks jurisdiction to review the merits of a legal claim not presented in administrative proceedings below).

To the extent Yao seeks review of the BIA's December 1, 2014 order dismissing his appeal, this petition is not timely as to that order. *See* 8 U.S.C. § 1252(b)(1) (petition for review must be filed within 30 days of a final order of removal); *Singh v. INS*, 315 F.3d 1186, 1188 (9th Cir. 2003) ("This time limit is

2                                                                 15-71328

mandatory and jurisdictional, and cannot be tolled.").

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**